IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES ATKINSON, | * | |
| Petitioner, | * | |
| v. | * | **Crim. Action No. RDB-18-0205** |
| | | **Civil Action No. RDB-20-3762** |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On August 23, 2018, *pro se* Petitioner James Atkinson ("Atkinson" or "Petitioner") pled guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).[1]  (Plea Agreement, ECF No. 29.)  This

---

[1] Several recent decisions from the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit have necessitated the resentencing of certain defendants who were convicted under 18 U.S.C. § 924(c).  For example, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause of § 924(c) was unconstitutionally void for vagueness, and therefore, that convictions and sentences based on the residual clause definition of "crime of violence" are invalid.   The force clause's definition, however, remains valid and enforceable, such that § 924(c) convictions based on predicate offenses which meet that definition are valid even after *Davis*.  Indeed, in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit held that substantive Hobbs Act robbery "categorically" qualifies as a crime of violence under § 924(c)'s force clause.
  Most recently, in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), the Fourth Circuit determined that Hobbs Act robbery does not categorically qualify as a crime of violence under the career offender guidelines set forth in the United States Sentencing Guidelines Manual, § 4B1.2. The Fourth Circuit reasoned that Hobbs Act robbery may be committed by using force or threats against another person *or property*, while the Sentencing Guidelines require force or threats against another person only.  996 F.3d 176. Here, Atkinson, a career offender, was convicted of substantive Hobbs Act robbery and this Court adopted the Guidelines range recommended in the PSR which applied the career offender enhancement.  (*See* Amended PSR, ECF No. 45.)  However, Atkinson's Hobbs Act robbery offense involved the use of force against a person, as he used a taser to shock the victim for several minutes. (*See* Plea Agreement, Attachment A, ECF No. 29.)   Accordingly, because there is no question that Atkinson's offense was a crime of violence under both 924(c) and under the Sentencing Guidelines, the Court is satisfied that resentencing is not warranted in this case.

Court sentenced Petitioner to a total term of 144 months of imprisonment followed by a five-year period of supervised release. (Judgment, ECF No. 43.)  This sentence was as agreed by Atkinson and the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 61.)  The Government has filed a Response in opposition.  (ECF No. 65.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 61) is DENIED.

## BACKGROUND

On April 12, 2018, a grand jury indicted James Atkinson one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1), and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). (Indictment, ECF No. 1.)  On August 23, 2018, Atkinson pled guilty to both Counts of the Indictment. (Plea Agreement, ECF No. 29.)  Atkinson stipulated that on the night of February 23, 2018, he visited a rental car company asking for a security deposit back for a car he returned that had bullet holes in it. (*Id.*, Attachment A.)  When the clerk refused Atkinson's request, Atkinson pointed a gun at the clerk and robbed him of money from his desk and wallet, as well as his phone. (*Id.*)  Atkinson also stole the keys to a 2010 Hyundai rental car. (*Id.*)  Before driving away in the stolen Hyundai, Atkinson used a stun gun to shock the clerk for several minutes and then ordered him into the adjacent room. (*Id.*)  After Atkinson left, the clerk called 911 and cancelled his credit cards. (*Id.*)  Subsequent

investigation determined that Atkinson had attempted to use the stolen credit cards. (*Id.*) In the Plea Agreement, Atkinson also waived his right to appeal his conviction and sentence. (*Id.* ¶ 10.)

This Court conducted a Sentencing Hearing on March 1, 2019. (ECF No. 42.) At sentencing, this Court reviewed the Presentence Investigation Report ("PSR") with Atkinson, his counsel, and the Government. (3/1/2019 Sentencing Tr., ECF No. 56; PSR, ECF No. 39; Amended PSR, ECF No. 45.) The PSR reflected a total offense level of 29, a criminal history category of VI and that Atkinson is career offender, resulting in an advisory guideline range of 262 to 327 months. (PSR ¶ 80.) Under the Rule 11(c)(1)(C) plea agreement, the parties agreed that a sentence of 144 months' imprisonment was the appropriate disposition of this case. (Plea Agreement, ECF No. 29.) Based on these factors, this Court sentenced Atkinson to a total term of 144 months' imprisonment, followed by a five-year period of supervised release. (Judgment, ECF No. 43.)

On September 16, 2019, Atkinson appealed his sentence to the United States Court of Appeals for the Fourth Circuit. (*See* Notice of Appeal, ECF No. 51.) On April 20, 2020, the Fourth Circuit affirmed Atkinson's conviction and sentence in this case. (ECF No. 58.); *United States v. Atkinson*, 801 Fed. App'x 196 (Mem.) (4th Cir. Apr. 20, 2020). On December 29, 2020, Atkinson filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 61.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C.

§ 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

**ANALYSIS**

Atkinson argues that his sentence must be vacated because (1) the Government breached the plea agreement; (2) the judgment is void; (3) the Court violated Rule 11(b)(1)(E) of the Federal Rules of Criminal Procedure by neglecting to inform Atkinson of his right to present evidence at trial, rendering Atkinson's guilty plea unknowingly and involuntarily entered; and (4) his attorneys failed to render effective assistance of counsel in negotiating his plea agreement and at sentencing. As explained below, all of Atkinson's arguments are meritless.

**I. Procedurally Barred Claims.**

As noted above, it is well-settled that a § 2255 motion is not a vehicle to circumvent a proper ruling on appeal, *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), and a defendant will not "be allowed to recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)).

Additionally, if a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 443 U.S. 72, 87 (1977), or where a petitioner can demonstrate that he is "actually innocent." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, (2004); *Reed v. Farley*, 512 U.S. 339, (1994); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

To show actual prejudice, Petitioner has the burden of showing that the alleged errors "worked to his *actual* and substantial disadvantage" with "error of constitutional dimensions." *Frady*, 456 U.S. at 170. Ultimately, when a sentence imposed by a district court was "'within the statutory limits,' and the proceedings were not 'infected with any error of fact or law of the fundamental character' the claim [is] not appropriate for a § 2255 review." *United States v. Foote*, 784 F.3d 931, 937 (4th Cir. 2015) (quoting *United States v. Addonizio*, 442 U.S. 178, 186, 99 S. Ct. 2235 (1979)).

On appeal, the Fourth Circuit rejected Atkinson's challenge to this Court's Rule 11 colloquy, finding that "the district court substantially complied with Rule 11." *United States v. Atkinson*, 801 Fed. App'x 196 (Mem.) (4th Cir. Apr. 20, 2020). Specifically, the Fourth Circuit noted that while this Court "neglected to inform Atkinson of his right to present evidence at trial, Fed. R. Crim. P. 11(b)(1)(E), and of the potential immigration consequences of pleading guilty, Fed. R. Crim. P. 11(b)(1)(O), these minor omissions did not affect his substantial rights," and that "the district court ensured that Atkinson entered his plea knowingly and voluntarily and that a factual basis supported the plea." *Id.*

Now, in addition to raising the same Rule 11 arguments that he raised on appeal, Atkinson raises the following new arguments for the first time on his § 2255 motion: that the Government breached the plea agreement and that the Court's sentence resulted in a "void judgment." These arguments could have been raised on direct appeal by Atkinson to challenge

6

his conviction, but Atkinson did not raise them. Accordingly, Atkinson must show "cause," "actual prejudice," or "actual innocence."

Atkinson argues that the Government breached the plea agreement and that his judgment is thereby void because the Government "knowingly allowed the Court to sentence Petitioner to consecutive sentences without apprising the Court that the parties were bound to the single sentence of (144) months." (ECF No. 61-1 at 6.) However, Atkinson's plea agreement expressly provided that the sentence for Count Two "shall be imposed to run consecutively with the sentence imposed for Count One." (Plea Agreement at 5, ECF No. 29.) Accordingly, the sentence of 60 months on Count One, to be followed by 84 months on Count Two was the precise sentence that was contemplated by the plea agreement and there was no breach or error in the final sentence calculation.

Moreover, Atkinson does not identify any actual prejudice flowing from any alleged error, and indeed, he agrees that his total sentence of 144 months was accurate. (*See* ECF No. 61-1 at 6.) Accordingly, Atkinson has not established the requisite cause, actual prejudice, or actual innocence warranting relief from the procedural bar of his claims.

II. **Petitioner Received Effective Assistance of Counsel.**

Atkinson also argues that his counsel at the plea-bargaining stage and at sentencing were ineffective by: failing to inform him of his right to produce evidence at trial and by failing to object to the imposition of consecutive sentences. A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a

Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

Atkinson's claims of ineffective assistance of counsel cannot overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689). Atkinson's argument that his counsel was deficient by failing to notify him of his right to produce evidence at trial is contradicted by Atkinson's own sworn statements during the Rule 11 proceeding:

> **The Court:** Mr. Atkinson, are you satisfied that you understand all the possible consequences of your plea of guilty?

8

|               |          |
|---------------|----------|
| **The Defendant:** | Yes, sir. |

***

| | |
|---|---|
| **The Court:** | You also understand you have the right to the assistance of your counsel for your defense and the right to see and hear all witnesses and to cross-examine all witnesses? Do you understand that, sir? |
| **The Defendant:** | Yes, sir. |

(8/23/2018 Arraignment Tr. at 18:6-9, 24:15-19, ECF No. 46.) There is no reason for the Court to now doubt the truth of Atkinson's sworn statements. *See United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy."). Moreover, on appeal, the Fourth Circuit rejected Atkinson's challenge to the Court's Rule 11 colloquy, finding that "the district court substantially complied with Rule 11." *United States v. Atkinson*, 801 Fed. App'x 196 (Mem.) (4th Cir. Apr. 20, 2020). Specifically, the Fourth Circuit noted that while this Court "neglected to inform Atkinson of his right to present evidence at trial, Fed. R. Crim. P. 11(b)(1)(E), and of the potential immigration consequences of pleading guilty, Fed. R. Crim. P. 11(b)(1)(O), these minor omissions did not affect his substantial rights," and that "the district court ensured that Atkinson entered his plea knowingly and voluntarily and that a factual basis supported the plea." *Id.* Accordingly, even if counsel failed to discuss with Atkinson his right to produce evidence at trial, Atkinson cannot demonstrate any prejudice flowing from that alleged failure.

9

Likewise, at sentencing, the colloquy between Atkinson, his counsel, and the Court contradict his present assertion that counsel "should have known that Petitioner never entered into an agreement of consecutive sentences" and should have objected to the consecutive sentences. (*See* ECF No. 61-1 at 9-10.) At sentencing, the Court specifically reviewed the plea agreement's requirement of a *consecutive* term of 84 months on Count Two to follow Count One's term of 60 months:

> **The Court:** …it was agreed in the plea agreement, paragraph 7 of the plea agreement which was introduced as Government Exhibit 1 at the time of your guilty plea …that the appropriate sentence would be 60 months on Count One, and a *consecutive* sentence of 84 months on Count Two, which is required by law for a total sentence of 144 months which is 12 years imprisonment. Do you recall that, sir?
>
> **The Defendant:** Yes, sir.

(3/1/2019 Sentencing Tr. at 5:2-16, ECF No. 56 (emphasis added).) Nor does Atkinson identify any prejudice that may have flowed from any such error, as he concedes that 144 months was the accurate total sentence. (*See* ECF No. 61-6 at 6.) In sum, none of counsel's actions were constitutionally defective, and Atkinson's ineffective assistance of counsel claims must fail.

As a result, because all of Atkinson's arguments are either procedurally barred or lack merit, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 61) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 61) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: May 27, 2021

_____/s/_____
Richard D. Bennett
United States District Judge